IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EMANUEL CLARK

    Petitioner,

v.                                          Civil Action No. 5:11CV105
                                                           (STAMP)
KUMA DEBOO, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND DISMISSING PETITION**

I.  Background

The pro se[1] petitioner, Emanuel Clark, currently an inmate at FCI Gilmer, was arrested on October 27, 1995, while out on bond from a conviction for carrying a pistol without a license, on a charge of assault with intent to commit robbery while armed. He was convicted in the Superior Court for the District of Columbia on this count and counts of possession of a firearm during a crime of violence in violation of DCC §§ 22-501-32-1, and possession of an unregistered firearm and ammunition, in violation of DCC §§ 6-2376. He was sentenced on all of these counts by the Superior Court for the District of Columbia to an aggregate of 40 years imprisonment, to become eligible for parole on December 11, 2008.

The petitioner's first parole hearing was held on May 7, 2008 before a hearing examiner for the United States Parole Commission

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

("USPC"). The hearing examiner found that the petitioner had a Salient Factor Score of 5, a Base Point Score of 5, and a Total Guideline Range of 214. The petitioner had also incurred four Bureau of Prisons Incident Reports for various institutional rules violations, three of which were non-drug related infractions, and one of which was a Category 5 severity new criminal conduct violation for assault on an inmate causing bodily injury.[2] As a result of her investigation and findings at the petitioner's parole hearing, the hearing examiner recommended that parole be denied and that the petitioner be given a three year set off. The USPC adopted the examiner's recommendations and denied the petitioner's parole, continuing him to a three year reconsideration hearing in May 2011, after serving thirty-six months from the hearing date of May 7, 2008.

The petitioner came up for another parole hearing on December 22, 2009. The parole examiner at this hearing conducted the hearing as a new initial hearing because less than twelve months had passed since the petitioner's parole eligibility date of January 5, 2009. At this hearing, the examiner came to the conclusion that the petitioner should again not be recommended for parole as a result of his institutional disciplinary incidents, as well as his statements to the examiner at the hearing. The examiner did acknowledge that the petitioner had earned a number of

---

[2]The findings of the hearing examiner, along with these violations and their implications, are more fully described in the magistrate judge's report and recommendation. (ECF No. 19, *2-3).

2

certificates of completion during his incarceration, and lowered the petitioner's Grid Score accordingly.[3]  The USPC adopted the examiner's recommendation in part, and again denied the petitioner parole on February 13, 2010, continuing the petitioner for a reconsideration hearing in December 2011, after service of twenty-four months following his December 22, 2009 hearing date.

On January 30, 2012, the petitioner filed this pro se petition for habeas corpus pursuant to 28 U.S.C. § 2241, challenging the above decisions of the USPC to deny his parole.  He contends that (1) the examiner erroneously utilized the 2000 parole guidelines in the petitioners 2008 hearing; (2) the calculation of his parole with a reconsideration hearing was in violation of the "DCMR specific remedial police [sic] § 104.2;" (3) the examiner used institutional infractions outside of the window of the DCMR Parole Guidelines in determining his eligibility for parole; and (4) the USPC exercised "risk evaluation under the 2000 the 1987 [sic] DC Parole Guidelines," and this "violates the Ex Post Facto clause."

The petition was referred to United States Magistrate Judge James E. Seibert for preliminary review pursuant to Local Rule of Prisoner Litigation Procedure 83.09.  Thereafter, the respondent filed a motion to dismiss, or in the alternative, a motion for summary judgment wherein she argues that the petitioner has failed to state a meritorious constitutional claim.  Despite the

---

[3]A more detailed outline of the bases for the examiner's recommendation at this hearing is included in the magistrate judge's recommendation.  (ECF No. 19 *3-5.)

magistrate judge's issuance of a Roseboro notice[4] on November 7, 2011, the petitioner did not respond. Following review of the motion, Magistrate Judge Seibert submitted a report and recommendation that the petition be dismissed. Neither the petitioner nor the respondent filed objections. For the reasons set forth below, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

## II.  Applicable Law

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III.  Discussion

As stated by the magistrate judge in his report and recommendation, many of the contentions raised by the petitioner are inarticulate and highly unclear. However, after reviewing the petition, this court finds no clear error in the magistrate's judge conclusions based upon the most reasonable interpretations of the petitioner's pleadings. First, with regard to the petitioner's first allegation, this Court agrees that it is true that the date of the petitioner's conviction mandates that the 1987 D.C. Parole Regulations be utilized, and that the petitioner's 2008 parole

---

[4] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a pro se plaintiff of his right to file material in response to a motion for summary judgment).

4

hearing was erroneously conducted using the 2000 regulations. However, as the magistrate judge found, this error was a harmless one. The petitioner's 2008 parole hearing yielded a Total Guideline Range of 214-238 months, which would not have resulted in release on parole even if the 1987 guidelines been utilized by the USPC, because, at that time, the petitioner had served significantly less than 214 months, the lowest end of that range. Further, even if the petitioner could establish that the utilization of the 2000 regulations in his 2008 hearing resulted in more than harmless error, he would only be entitled to a re-hearing, and as the magistrate judge reasoned, he was already granted a re-hearing on December 22, 2009. In that hearing and review, the USPC unambiguously utilized the 1987 regulations, and again came to the conclusion that under those regulations as well, parole should be denied.

Similarly, this Court finds no clear error in the magistrate judge's assessment of the petitioner's contention that his due process rights were violated because the USPC violated DCMR § 104.2 when it failed to grant him parole rehearing within one year following his initial eligibility in 2008. Initially, DCMR § 104.2 only provides that "ordinarily" prisoners serving more than five years shall receive rehearings within twelve months. As the magistrate judge outlines, this was not an "ordinary" case, and nothing in the regulations requires that the USPC grant offenders a rehearing each year under any circumstances. Further, granting

this discretion to parole boards does not violate the ex post facto clause, nor is there a due process right parole, or to the opportunity for parole once per year. See Garner v. Jones, 529 U.S. 244, 254-55 (2000).

It is also clear that the petitioner's third claim, that the USPC considered institutional infractions which occurred outside of the three-year "window" set by the DCMR Parole Guideline, is also without merit. A review of the record reveals that the hearing examiner specifically noted that he could only consider "countable" infractions which occurred within the three-year window, and proceeded to do just that. See ECF No. 13-7 *3-4. Finally, this Court does not find clear error in Magistrate Judge Seibert's opinion that the petitioner's fourth allegation is also without merit. As to this claim, the magistrate judge found that the USPC's initial erroneous use of the 2000 regulations did not violate ex post facto because the petitioner would have been unsuitable for parole under both the 2000 and the 1987 regulations at the time of his 2008 hearing, because the bottom of his guideline sentence at that time was 17.83 years, and he had only yet served twelve years, one month and eighteen days. The magistrate judge also found that, under both sets of regulations, the parole board was vested with equal amounts of discretion, and that, because the petitioner was sentenced to a forty-year sentence, no refusal of parole can violate the ex post facto clause because "there can be no increase in punishment beyond the possible

forty-year sentence that was imposed." (ECF No. 19 *19-20.) As this Court finds no clear error in these opinions of the magistrate judge, the petitioner's petition must be denied in its entirety.

IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby ADOPTED and AFFIRMED in its entirety. Accordingly, for the reasons set forth above, the respondent's motion to dismiss is GRANTED and the petitioner's § 2241 petition is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is directed to enter judgment on this matter.

    DATED:    June 4, 2012

                                           <u>/s/ Frederick P. Stamp, Jr.</u>
                                           FREDERICK P. STAMP, JR.
                                           UNITED STATES DISTRICT JUDGE